UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| ROBERT WAYNE LEATHERS, an individually, <br><br> Plaintiff <br><br> vs. <br><br> GRAY COUNTY, TEXAS, and JAMES HEFLEY, individually and as COMMISSIONER PCT. 4, GRAY COUNTY, TEXAS. <br><br> Defendants | § § § § § § § § § § § § § § § § § § CASE NO. _____ <br><br><br><br><br><br><br><br><br><br><br><br> JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT - REPRESENTATIVE ACTION**

COMES NOW, Robert Wayne Leathers ("Leathers") individually, by and through his undersigned attorneys and submits this Complaint against Gray County, Texas, and James Hefley, individually and as Commissioner of Pct. 4, Gray County, Texas, at times material, (the "Defendants" or "Gray County" or "Hefley", as this case may be), on the following allegations:

## I.
## INTRODUCTION

1.01   This is a representative action for unpaid wages and overtime brought pursuant to Fair Labor Standards Act, 29 U.S.C. §216(b).

## II.
## JURISDICTION

2.01   This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 1337 and under the principles of pendant jurisdiction.

## III.
## PARTIES

3.01    Plaintiff Robert Wayne Leathers, ("Leathers") is a resident in Gray County, Texas, and a former employee of Gray County, Texas. He brings this action on behalf of himself and as representative of similarly situated workers who file consents to join in this action who have been improperly paid and denied overtime.

3.02    Defendants Gray County, Texas, (Gray County) being a unit of county government and James Hefley, individually and as Commissioner of Gray County, Texas ("Hefley") at times material, are engaged in the production of goods and services for commerce in the State of Texas and at various locations in Gray County in the United States providing road maintenance including grading roads, fighting fires, purchasing and hauling caliche to be put on the surface of ranch roads and related activities. Gray County Texas may be served with process by serving its agent for service, Richard Peet, the County Judge of Gray County, Gray County Courthouse, Pampa, Texas. Hefley may be served with process by serving him at this residence, Old Highway 66, McLean, Texas 79057.

## IV.
## COUNT I

4.01    At various times up until May 25, 2010, Plaintiff was employed in the production of goods and/or services for commerce at the Defendants Gray County (Pct. 4) Texas facility (county barn) and other related roads in Pct. 4 Gray County, Texas, and operated by Defendants in Gray County, Texas and/or the surrounding area. The Defendants maintain and operate the Pct. 4 county barn and road maintenance of Gray County roads, administrative facilities and related

firefighting activities on rural property in connection with local fire departments with similarly situated employees subjected to similar treatment.

4.02   During this time Defendants Gray County and Hefley failed to pay Plaintiff his regular rate of pay for all hours of work he performed over 40 hours per week and failed to pay him overtime for hours of work he performed in excess of 40 hours per week as required by the Fair Labor Standards Act, as well as failing to pay others similarly situated. Defendants' Gray County and Hefley along with their agent Don Hauck, a supervisor at Pct. 4, unlawfully required each employee to arrive at the precinct barn at least fifteen minutes before the scheduled shift, which marks the beginning of paid time. The foregoing practice was utilized as a device for the purpose of avoiding the payment of overtime owed the workers, avoiding certain benefits, unemployment expense and to circumvent the FLSA. The Defendants also required Leathers and others similarly situated workers to fight fires when needed on a regular basis. When fighting fires Leathers and others worked in excess of fifty (50) hours in a week but were not paid time and one half for overtime for that work; instead the Defendants utilized a time bank or comp time requiring Leathers and others to take a like amount of time off in following weeks equal to the number of hours worked over 40 in one week to avoid paying overtime.

4.03   Gray County, Texas and Hefley acting in concert with Don Hauck, a supervisor, knowingly misused Gray County equipment, fuel, personnel and supplies (including caliche) as favors, it is believed, for residents of adjoining counties and acting in concert with Don Hauck and Hefley, who would send Leathers and other Gray County employees out in Gray County trucks hauling caliche purchased by Gray County, Texas, and directed them to apply said caliche on Donley County and Wheeler County, Texas, ranch roads. This activity was performed at the

direction of the Defendants. During the foregoing process and related activity, Leathers and Jeremiah Soto were directed by Hauck - with the knowledge of Defendants to:

A) Travel in Gray County trucks hauling caliche to County Line Road and then travel north on County Line Road into Wheeler County, Texas, where they delivered eleven (11) loads of caliche and then spread it on the county road in Wheeler County with Gray County equipment, fuel and labor in Wheeler County, Texas;

B) Leathers and others were required to take care of or maintain one (1) mile of road in Donley County, Texas, at the expense of Gray County, Texas and its taxpayers; and

C) Don Hauck (who did not have an applicator's license) regularly purchased pesticides, herbicides and other chemicals to spray on and around the county roads right of way maintained by Defendants. Hauck purchased these chemicals under Leathers' applicators license, without Leathers permission or input. Hauck also threw Leathers records concerning the purchase, mixing and application of said chemicals away regarding the spraying activities of the County over Leathers' objection. Leathers was required to keep the said records as a condition of maintaining his license.

When Defendants sent Leathers and other County employees out on these unlawful projects of providing Gray County services at Gray County's expense to individuals in Wheeler and Donley Counties, Plaintiff and others were told not to talk on the radio and not to tell anyone where they were working. Leathers the senior worker at the time, complained about these unlawful activities to Hefley and Hauck who then retaliated by requiring him to operate an open top tractor in cold weather that was dangerous to operate. Leathers continued to do what he was told although it constituted retaliation. Leathers complained to Hefley about the unlawful activities, Hefley did nothing to correct these unlawful activities and Leathers then stopped showing up fifteen minutes before the shift as directed by Hauck but arrived at starting time. Thereafter on May 25, 2010, when Leathers arrived at the Pct. 4 County barn he was met by Commissioner Hefley and was told that "you refused to go on a job and you are fired". The allegation that Leathers refused to go on a

job was false and was and is further retaliation against Leathers for his complaint(s) regarding the unlawful activity of Defendants aforedescribed, including but limited to the violations of the Fair Labor Standards Act (FLSA).

4.04 The failure to pay Plaintiff his lawful wages under the Fair Labor Standards Act included, but was not limited to, (1) failing to pay him for time spent working off the clock by being required to arrive early before the start of scheduled work, (2) the refusal to pay him time and one half for hours worked over forty hours in one week, and (3) utilizing an unlawful time bank or comp time requiring Leathers and others to take off an equal amount of time to that worked over forty hours in one week in following weeks rather than pay overtime. This practice violates the FLSA.

4.05 Other similarly situated individuals worked in the production of goods and maintaining county roads for commerce at the Defendants' facility in Gray County, Texas, it is believed, including but not limited to grading and maintaining County roads, hauling caliche, fighting fires, all while the Defendants failed to pay overtime, have been deprived of their lawful wages and benefits under the Fair Labor Standards Act in the same manner as Plaintiff. This action is also brought on behalf of those similarly situated workers who are paid improperly.

4.06 The Defendants failure to properly pay Plaintiff and similarly situated workers their lawful wages required by the Fair Labor Standards Act was willful. Defendants knowledge that time spent working off the clock and time over 40 hours in one week was and is compensable and time worked over forty (40) hours in one week was not paid at the rate of time and one half, the Defendants improperly and erroneously paid said employees a set rate and/or utilized and unlawful time bank or comp time scheme to avoid paying overtime, certain benefits and

unemployment expense. Gray County and Hefley took no steps to properly compensate workers at its facilities in Gray County in the State of Texas for this time and, on information and belief, took no steps to compensate other workers at its location for this time.

## V.
## COUNT II

Pleading further if same is necessary and for Count II herein Plaintiff adopts paragraphs 1.01 through 4.06 herein as though set out in full and alleges:

5.01   Gray County and Hefley exercised complete control over Leathers and the other individuals working at times material for Gray County Texas, Pct. 4, when performing activities and work for the Defendants at the Gray County, Pct. 4 barn and on surrounding roads and fighting fires at facilities and locations in Gray County, and perhaps Wheeler and Donley County, Texas.

5.02   At various times up until May 25, 2010, Plaintiff and other similarly situated employees have been employed in the production of goods and/or services for commerce in connection with providing road maintenance, maintaining and operating the county equipment, and firefighting in Gray County, Texas. Plaintiff and others similarly situated facilitated and performed the foregoing activities while employed by Defendants'.

5.03   During these times, Defendants Gray County and Hefley failed to pay Plaintiff and those similarly situated their regular rate of pay for all hours of work they performed over 40 hours per week as required by the Fair Labor Standards Act. It is believed this action was taken by Gray County, Texas, and Hefley while acting in concert and combination with Don Hauck, a non party co-conspirator. The purpose of the combination, conspiracy and concert of action among Gray County, Hefley and others unknown at present, was and is to effectuate the parties

unlawful end to circumvent the Fair Labor Standards Act and evade the payment of overtime wages and benefits and to conceal their unlawful activities at taxpayer's expense.

5.04 The failure to pay Plaintiff his lawful wages under the Fair Labor Standards Act included, but was not limited to, failing to pay him for time spent off the clock working over 40 hours in one week, traveling to and from outlying locations maintained by the Defendants to perform directed activities, hauling caliche, fighting fires, and utilizing an unlawful "time bank" or "comp time" to avoid payment of overtime.

5.05 Other similarly situated employees working in the production of goods for commerce in connection with Defendants' facility in and around Gray County, Texas, and it is believed elsewhere, were also deprived of their lawful wages, including overtime, under the Fair Labor Standards Act in the same manner as Plaintiff. This action is also brought on behalf of those similarly situated workers.

5.06 The Defendants failure to pay Plaintiff and similarly situated improperly paid employees their lawful wages required by the Fair Labor Standards Act was willful. Despite its knowledge that time spent working off the clock or in excess of 40 hours in one week was and is compensable, the Defendant improperly and erroneously utilized a "time bank" or "comp time" to avoid paying all wages due and related benefits.

5.07 Leathers retained the firms of the Law Offices of Jerry D. McLaughlin and the Law Offices of Philip R. Russ to represent Leathers and the other improperly paid employees in this action and has agreed to pay the firms reasonable and necessary attorneys' fees. An award of reasonable and necessary attorneys' fees to the Plaintiff(s) would be equitable and just and therefore authorized by the FLSA.

## VI.
### Civil Conspiracy

Plaintiff adopts paragraph 1.01 through 5.07 herein as though set out in full and alleges:

6.01 Plaintiff pleads further and in the alternative if same be necessary, Plaintiff repleads each of the allegations of this Complaint as though set out in full and for Count VI further alleges:

6.02 The Defendants Gray County and Hefley, as well as Hauck, contracted, conspired and combined in breach of their fiduciary duties (1) in creating a device to avoid compliance with the FLSA and the payment of overtime compensation and other benefits; (2) in controlling every aspect of Plaintiff's work day and the manner and means by which Leathers and others perform their work in Defendants precinct; (3) requiring Leathers and others similarly situated to perform unlawful acts and their efforts to conceal the same by retaliating against Leathers; (4) in unlawfully terminating Leathers, and (5) in depriving him or them of the value of his overtime pay, fringe benefits and retirement and improperly avoiding Defendants obligations to comply with the Internal Revenue Code in the payment of FICA and withholding.

## VII.
### Representative Action

7.01 Plaintiff brings this action on behalf of himself and all similarly situated employees working for Gray County Texas, specifically Pct. 4, and elsewhere. Plaintiff requests that notice be issued to these employees informing them of their right to file consent to join in this action.

## VIII.
### Cause of Action

8.01 Plaintiff and similarly situated workers are entitled to relief pursuant to 29 U.S.C. §201, et seq and §216(b) of the Fair Labor Standards Act.

## **Prayer for Relief**

**WHEREFORE,** Plaintiff PRAYS that this Court:

1. Issue notice to all similarly situated employees of Gray County, Texas, Pct. 4, informing them of their right to file consent to join in this action.

2. Declare that Plaintiff Robert W. Leathers and similarly situated workers who file consent to join this suit were/are employees of Gray County and Hefley and are entitled to pay for all of their FLSA-defined hours of work, including, but not limited to, time spent working off the clock traveling to outlying facilities of Defendants and working over forty (40) hours in one week and for being required to show up before the start of paid time and work; working on weekends and otherwise firefighting fires to avoid certain overtime by use of a time bank or comp time, ceratin benefits and unemployment expense.

3. Award Robert W. Leathers and similarly situated workers, who file consents to join this suit, their unpaid regular hourly wages for all hours of work up to 40 hours per week, and equal amount of liquidated damages, attorneys fees and costs of suit as a result of being misclassified and such other relief as this Court deems just and proper.

Respectfully submitted,

LAW OFFICES OF JERRY D. MCLAUGHLIN
Jerry D. McLaughlin, SBN 13743300
2700 S. Western, Suite 1000
806-371-9110 - Telephone
806-373-9029 - Facsimile

-and-

LAW OFFICES OF PHILIP R. RUSS
Philip R. Russ, SBN 17406000
2700 S. Western, Suite 1200
Amarillo, Texas 79109
806-358-9293 - Telephone
806- 358-9296 - Facsimile

Philip R. Russ

## JURY DEMAND

Plaintiff herewith demands a trial by jury.

JS 44 (TXND Rev. 2/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ROBERT WAYNE LEATHERS

**DEFENDANTS**
GRAY COUNTY, TEXAS, & JAMES HEFLEY, Individually and as COMMISSIONER PCT. 4, GRAY COUNTY, TEXAS

(b) County of Residence of First Listed Plaintiff: **Gray County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Gray County**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
LAW OFFICES OF PHILIP R. RUSS, 2700 S. Western, Suite 1200, Amarillo, Texas 79109; 806-358-9293

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS - PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS - PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☒ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**FLSA 29 U.S.C. §216(b)**
Brief description of cause:
Unpaid wages and retaliation

## VII. REQUESTED IN COMPLAINT:
- ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:
(See instructions)
JUDGE _____   DOCKET NUMBER _____

DATE: 02/11/2011
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____