IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| ROBERT WAYNE LEATHERS, § | |
|     Plaintiff, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 2:11-cv-00030-J |
| GRAY COUNTY, TEXAS, and § | JURY DEMANDED |
| JAMES HEFLEY, individually and as § | |
| COMMISSIONER PCT. 4, GRAY § | |
| COUNTY, TEXAS. § | |
|     Defendants. § | |

**DEFENDANT JAMES HEFLEY'S BRIEF IN SUPPORT OF HIS MOTION TO DISMISS UNDER FEDERAL RULE 12(b)(6)**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, James Hefley, one of the named Defendants in the above-entitled and numbered civil action (hereinafter referred to as "Hefley"), and submits his Brief in Support of his Motion to Dismiss Under Federal Rule 12(b)(6), showing unto the Court as follows:

**I.
NATURE OF ACTION**

Plaintiff filed this employment action against Gray County, Texas (hereinafter, "Gray County") and Hefley, alleging violations under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §201, *et seq*. Hefley has been sued in both his official capacity as County Commissioner as well as in his individual capacity.

**II.
ARGUMENT & AUTHORITIES**

A motion to dismiss for failure to state a claim should be granted only if the Court determines with certainty that Plaintiff cannot prove any set of facts that would allow relief under the allegations in the complaint. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). While the Court must assume all material facts in the complaint are true, and must indulge all

inferences in favor of Plaintiff, conclusory allegations will not defeat a Rule 12(b)(6) motion. *Guidry v. Bank of LePLace*, 954 F.2d 278, 281 (5th Cir. 1992).

Plaintiff's claims against Copeland in his official capacity as County Commissioner are duplicative of the claims asserted against Gray County and should be dismissed. *See* Plaintiff's Original Complaint at p. 2, ¶ 3.02 [Doc. No. 1, filed on Feb. 2, 2011]. A lawsuit against a governmental official in his official capacity is not a lawsuit against the individual, but rather is a suit against the official's office and is no different than a suit against the governmental unit which employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312 (1989); *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir. 1999). "Official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent…" *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2035 (1978); *accord Turner v. Houma Mun. Fire and Police Civil Serv. Bd.*, 229 F.3d 478, 483 (5th Cir. 2000). Therefore, a lawsuit against a governmental official in his official capacity must be treated as a suit against the government itself. *See Hafer v. Melo*, 502 U.S. 21, 25, 112 S.Ct. 358, 361 (1991); *see also Flares v. Cameron County*, 92 F.3d 258, 261 (5th Cir. 1996); *Bennet v. Pippin*, 74 F.3d 578, 584 (5th Cir. 1996). Because this suit includes official capacity claims against Hefley and includes Gray County as a Defendant, this suit must be treated in all respects other than name as a suit against Gray County only; it is redundant and unnecessary to include official capacity claims against Hefley in this suit. Therefore, the Court should dismiss Plaintiff's official capacity claims alleged against Hefley.

Respectfully submitted,

*/s/ D. Randall Montgomery*

**D. RANDALL MONTGOMERY**
State Bar No. 14289700
**ALYSSA M. BARRENECHE**
State Bar No. 24040607
**D. RANDALL MONTGOMERY
 & ASSOCIATES, P.L.L.C.**
12400 Coit Road, Suite 560
Dallas, Texas 75251
(214) 292-2600
(214) 292-2601 (Telecopy)

**ATTORNEYS FOR DEFENDANT
JAMES HEFLEY**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing instrument has been served upon all attorneys of record in accordance with the Federal Rules of Civil Procedure on this the  22nd  day of March, 2011.

**VIA E-FILE AND
CMRRR 7192 2556 0010 0003 6508**
Philip R. Russ
Law Offices of Phillip R. Russ
2700 S. Western, Suite 1200
Amarillo, Texas 79109

*/s/ D. Randall Montgomery*

**D. RANDALL MONTGOMERY**